IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT
CLARKSBURG

ZACHARY ALLEN KNOTTS,

     Plaintiff,

v.                                              Civil Action No. 1:19-CV-179
                                              JUDGE KLEEH

PATRICK MORRISEY,
CHIEF JUSTICE ELIZBAETH WALKER,
and JEFFREY FREEMAN,

     Defendants.

## REPORT AND RECOMMENDATION RECOMMENDING DENIAL OF PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISSMISSAL OF CASE IN IT'S ENTIRETY

This matter is before the undersigned pursuant to an Order of Referral (ECF No. 5) entered by United States District Judge Thomas S. Kleeh on September 23, 2019. On September 13, 2019, Plaintiff filed a Motion for Leave to Proceed in forma pauperis. (ECF No. 2). Upon review of the Complaint, the undersigned **RECOMMENDS** that the Motion to Proceed in forma pauperis be **DENIED** and the Complaint **DISMISSED** for the foregoing reasons.

                                      **I.**      **BACKGROUND**

On September 13, 2019, Plaintiff filed a Complaint seeking $2,000,000 in damages, injunctive relief for "a review of the WV codes and implementations of competency to stand trial," and "declarative relief directing necessary changes to implement the court's findings." Compl. at 4. Plaintiff alleged that he was criminally charged with terroristic threats of political figures and others in Marion County, West Virginia. Plaintiff was found to be incompetent to stand trial and was detained in an institution, pursuant to West Virginia Code 27-6A-1(a), from July 7, 2016 to September 13, 2017. Plaintiff alleged that he was released upon the determination that he gained

competency to stand trial. Plaintiff alleged that he was found not guilty and that the prosecutor publicly announced that there was no probable cause to bring the charges against Plaintiff and his prosecution was pursued without probable cause. Plaintiff challenged the detention as a violation of his First, Sixth, Eighth, and Fourteenth Amendment Rights.

On September 13, 2019, Plaintiff filed a Motion for Leave to Proceed in forma pauperis (ECF No. 2) requesting to proceed in this matter without prepayment of fees.

## II.    ANALYSIS

Title 28, United States Code Section 1915 states:

(a)(1) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [movant] possesses that the person is unable to pay such fees or give security thereof. Such affidavit shall state the nature of the action, defense or appeal and affiant's and affiant's belief that the person is entitled to redress

Title 28, United States Code Section 1915 further states:

(e)(2) The court shall dismiss the case at any time if the court determines that

   (A)  The allegation of poverty is untrue; or
   *(B) The action or appeal*
       *(i)    Is frivolous or malicious*
       *(ii)   Fails to state a claim on which relief may be granted; or*
       *(iii)  Seeks monetary relief against a defendant who is immune from such relief.*

### A. Injunctive and Declarative Relief Barred by Eleventh Amendment

Plaintiff requested injunctive relief including "a review of the WV codes and implementations of competency to stand trial," and declarative relief directing necessary changes to implement the court's findings." ECF No. 1, at 4. "The Eleventh Amendment provides that '[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or

by Citizens or Subjects of any Foreign State." McBurney v. Cuccinelli, 616 F.3d 393 (4th Cir. 2010) (quoting U.S. Const. amend XI). Thus, a suit is barred unless the Ex Parte Young, 209 U.S. 123 (1908), exception applies. This exception "permits a federal court to issue prospective, injunctive relief against a state officer to prevent ongoing violations of federal law, on the rationale that such a suit is not a suit against the state for purposes of the Eleventh Amendment." Mcburney, 616 F.2d at 399 (citing Ex Parte Young, 209 U.S. at 159-60) "This requirement that the violation of federal law be ongoing is satisfied when a state officer's enforcement of an allegedly unconstitutional state law is threatened, even if the threat is not yet imminent." McBurney, 616 F.2d at 399 (quoting Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316 (4th Cir. 2001).

In this matter, Plaintiff alleged that he was deemed not competent to stand trial and was in government custody from July 7, 2016 to September 13, 2017. Plaintiff, however, has not alleged that he is currently in custody. Plaintiff is not requesting injunctive relief for an alleged violation against him that is ongoing. Nor is Plaintiff requesting declarative relief an alleged violation against him that is ongoing. Plaintiff is either requesting injunctive relief for alleged past unconstitutional conduct or future undetermined alleged unconstitutional actions. If Plaintiff's argument is actually the former, he does not have a claim of ongoing violation of federal law. Plaintiff cannot seek an injunction for some right that was allegedly violated two years ago and does not continue to be violated today. If Plaintiff's argument is the latter, his argument is not ripe for consideration by this court. Plaintiff has not argued that there is an imminent threat of the enforcement of the unconstitutional act against him. Accordingly, the undersigned **RECOMMENDS** that the case be dismissed as to all Defendants as to the injunctive and declaratory relief requested.

### B. Prosecutorial Immunity Barring Claim Against Jeffrey Freeman

In addition to the injunctive and declaratory relief, Plaintiff is also seeking $2,000,000 in compensatory damages for various reasons contained in his Complaint. Specifically, Plaintiff alleged that he was detained and prosecuted without probable cause, the prosecutor knew that probable cause did not exist, and Plaintiff was ultimately found not guilty. The undersigned liberally construed this allegation to be a malicious prosecution claim.

"Prosecutors enjoy absolute immunity from civil liability for prosecutorial functions such as, initiating and pursuing a criminal prosecution, presenting a case at trial, and other conduct that is intricately associated with the judicial process . . . . It has been said that absolute prosecutorial immunity cannot be defeated by showing that the prosecutor acted wrongfully or even maliciously, or because the criminal defendant ultimately prevailed on appeal or in a habeas corpus proceeding." Mooney v. Frazier, 693 S.E.2d 333 (W. Va. 2010). In a 42 U.S.C. § 1983 context, absolute immunity extends to prosecutors "for conduct of prosecutors that was 'intimately associated with the judicial phase of the criminal process." Buckley v. Fitzsimmons, 509 U.S. 259 (1993) (quoting Imbler v. Pachtman, 424 U.S. 409 (1976)).

Plaintiff alleged that Marion County Prosecutor Jeffrey Freeman first knowingly prosecuted him without probable cause and second detained him pre-trial under West Virginia Code § 27-6A-1(a), which institutionalized him for psychiatric purposes. First, Plaintiff's claim that Prosecutor Freeman's choice to prosecute him, even without probable cause, is subject to absolute immunity. Determining whether to initiate charges and proceed to trial is a duty of the prosecutor which is so intimate to the judicial proceeding that the decision is subject to absolute immunity. See Nero v. Mosby, 890 F.3d 106 (4th Cir. 2018); see also, Imbler v. Pachtman, 424 U.S. 409 (1976).

Plaintiff next claimed that he was detained pursuant to West Virginia Code § 27-6A-3(f) as he was deemed not competent to stand trial. West Virginia Code § 27-6A-3(f) states:

> If at any point in the proceedings the defendant is found not competent to stand trial and is found substantially likely to attain competency, the court of record shall . . . make further finding as to whether the defendant requires, in order to attain competency, inpatient management in a mental health facility.

The undersigned finds that Prosecutor Jeffrey Freeman's advocation for pre-trial detention of Plaintiff for inability to stand trial is intimately associated with the judicial phase of the criminal process. Because this determination is so intimately associated with the judicial phase of the criminal process, the undersigned finds that Prosecutor Freeman enjoyed prosecutorial immunity. Accordingly, the undersigned **RECOMMENDS** that the case be dismissed as to Prosecutor Freeman.

### C. Failure to State a Claim as to Patrick Morrisey and Chief Justice Elizabeth Walker

While Plaintiff did not specifically allege that Defendant Patrick Morrisey and Elizabeth Walker were a part of the malicious prosecution claim, the undersigned reviews the matter as such for completeness of the record. Disregarding the issue of immunity, to be successful on a malicious prosecution claim, a plaintiff must demonstrate that the defendant 1) initiated or maintained a proceeding against the plaintiff, 2) the proceeding was terminated, 3) there was no probable cause to support the proceeding, and 4) malice of defendants part. Lambert v. Williams, 233 F.3d 257 (4th Cir. 2000). Taking the facts as alleged in the Complaint as true, Defendants Morrisey and Chief Justice Walker did not initiate nor maintain a prosecution against Plaintiff. Neither party had any involvement in his criminal proceedings. Accordingly, the undersigned **RECOMMENDS** that all other claims against Defendant Morrisey and Chief Justice Walker be dismissed for failure to state a claim.

**D. Plaintiff's Motion to Proceed in forma pauperis**

In consideration of the undersigned's recommendation above, the undersigned **RECOMMENDS** that Plaintiff's Motion to Proceed in forma pauperis be **DENIED**. Gibbons v. United States, 2007 WL 2060854 (N.D.W. Va. July 12, 2017) ("denial of in forma pauperis may be dispositive").

### III.   RECOMMENDATION

For the above state reasons, the undersigned **RECOMMENDS** that the case be dismissed in its entirety. In light of this recommendation, the undersigned also **RECOMMENDS** that Plaintiff's Motion to Proceed informa pauperis be **DENIED**.

Any party shall have fourteen days from the receipt this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a Copy of this Report and Recommendation of counsel of record and by Certified Mail to all *pro se* parties, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Date:   October 7, 2019

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE