IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ZACHARY ALLEN KNOTTS,

      Plaintiff,

    v.                                    CIVIL NO. 1:19-CV-179
                                            (KLEEH)

PATRICK MORRISEY,
CHIEF JUSTICE ELIZABETH
WALKER, and JEFFREY FREEMAN,

      Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION IN PART [ECF NO. 7] AND DISMISSING ACTION**

Pending before the Court is a Report and Recommendation ("R&R") by United States Magistrate Judge Michael J. Aloi. The Magistrate Judge recommends that the Court dismiss the Complaint in its entirety. For the reasons discussed below, the Court **ADOPTS** the R&R **IN PART** and **DISMISSES** the case.

**I.   BACKGROUND**

On September 13, 2019, the pro se Plaintiff, Zachary Allen Knotts ("Plaintiff"), filed this action against the Defendants, Attorney General Patrick Morrisey ("Attorney General Morrisey"), Chief Justice Elizabeth Walker ("Justice Walker"), and Jeffrey Freeman ("Mr. Freeman") (together, "Defendants"). The same day, Plaintiff filed a motion for leave to proceed in forma pauperis. Plaintiff's Complaint, which is labeled as a 42 U.S.C. § 1983 action, seeks $2,000,000 in damages, "a review of the WV codes and

implementations of competency to stand trial," and "declarative relief directing necessary changes to implement the court's findings."

Plaintiff alleges that he was criminally charged with terroristic threats of political figures and others in Marion County, West Virginia. He was found incompetent to stand trial and was detained between July 7, 2016, and September 13, 2017. He was released after gaining competency. Plaintiff states that he was found not guilty and that the prosecutor, Mr. Freeman, publicly announced that there was no probable cause to bring charges against him. He challenges his detention as a violation of his rights under the First, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to the Magistrate Judge for initial review. On October 7, 2019, the Magistrate Judge entered the R&R recommending that the Court dismiss the action.

## II.  REPORT AND RECOMMENDATION

Specifically, the R&R found that this action should be dismissed because (1) the Eleventh Amendment bars relief against all Defendants with respect to the requested declaratory and injunctive relief; (2) prosecutorial immunity bars relief against Mr. Freeman; and (3) Plaintiff failed to state a claim against

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 7] AND DISMISSING ACTION**

Attorney General Morrisey and Justice Walker.

The R&R informed Plaintiff that he had fourteen (14) days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection." It further warned him that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals."

Plaintiff accepted service of the R&R on October 10, 2019. See ECF No. 8. On November 21, 2019, Plaintiff filed a motion to extend the time period in which he could file objections. On February 5, 2020, he filed objections. The Court then denied the motion for extension as moot. For good cause shown, the Court hereby accepts Plaintiff's objections as filed and addresses them herein.

### III. OBJECTIONS

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 7] AND DISMISSING ACTION**

Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)).  Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous.  See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Here, Plaintiff objected to all three of the Magistrate Judge's legal findings: (1) that the Eleventh Amendment bars relief against all Defendants with respect to the requested declaratory and injunctive relief; (2) that prosecutorial immunity bars relief against Mr. Freeman; and (3) that Plaintiff failed to state a claim against Attorney General Morrisey and Justice Walker.  Because Plaintiff has objected to all of the Magistrate Judge's legal findings, the Court conducts its review de novo.

### IV.  ANALYSIS

For the reasons discussed herein, which may slightly differ from the reasons cited by the Magistrate Judge, Plaintiff's claims are dismissed.

**A.  The Court lacks subject matter jurisdiction over the claims against Attorney General Morrisey and Justice Walker.**

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  To bring

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 7] AND DISMISSING ACTION**

an action against an individual state official, there must be "a 'special relation' between the state officer sued and the challenged statute to avoid the Eleventh Amendment's bar." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 331 (4th Cir. 2001) (citing Ex Parte Young, 209 U.S. 123, 157 (1908)).  A special relation requires "proximity to and responsibility for the challenged state action."  S.C. Wildlife Fed'n v. Limehouse, 549 F.3d 324, 333 (4th Cir. 2008) (emphasis removed).  It does not exist when an official merely possesses "[g]eneral authority to enforce the laws of the state . . . ."  Id. (citing Gilmore, 252 F.3d at 331).

In McBurney v. Cuccinelli, the Fourth Circuit held, in relevant part, that the Virginia Attorney General did not have a "specific statutory duty to enforce" the Virginia Freedom of Information Act against state officials.  616 F.3d 393, 400 (4th Cir. 2010).  The court made this finding even though the Virginia statute provided an enforcement provision that granted "the attorney for the Commonwealth" authority to petition for an injunction when the law is violated.  Id.  It found that the "attorney for the Commonwealth" referred to local prosecutors, not the Attorney General.  Id.

Here, Plaintiff raises a constitutional challenge to W. Va. Code § 27-6A-1(a), which relates to competency of individuals

charged with crimes.  Plaintiff seeks, in part, a review of this statute and its implementation, along with "declarative relief directing necessary changes to implement the court's findings." Plaintiff has named Attorney General Morrisey and Justice Walker as defendants.  He does not specify in the Complaint how Attorney General Morrisey and Justice Walker were involved in any wrongdoing or involved in his criminal proceedings.  In his objections, Plaintiff states that the Attorney General is the proper party when there is a constitutional challenge to a state code or statute, and Justice Walker, the Chief Justice, must be included because she is the "head of the Judiciary in West Virginia."

Like in McBurney, West Virginia's statute relating to competency of criminal defendants does not impose upon the Attorney General a "specific statutory duty to enforce" the statute.  The statute here does not even mention the Attorney General.  Attorney General Morrisey possesses only a "[g]eneral authority to enforce the laws of the state," and does not possess the requisite "proximity to and responsibility for" the statute at issue.  See Limehouse, 549 F.3d at 333.  Neither Attorney General Morrisey nor Justice Walker bears a special relation to the competency statute. Therefore, the Court lacks subject matter jurisdiction over the claims against them.  All of Plaintiff's claims against Attorney General Morrisey and Justice Walker are hereby **DISMISSED.**

**B.  Prosecutor Jeffrey Freeman is entitled to prosecutorial immunity.**

In the 42 U.S.C. § 1983 context, absolute immunity extends to prosecutors "for conduct . . . that is 'intimately associated with the judicial phase of the criminal process.'" Buckley v. Fitzsimmons, 509 U.S. 259, 259-60 (1993) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). Here, Plaintiff alleges that he was detained and prosecuted without probable cause, the prosecutor knew that probable cause did not exist, and Plaintiff was found not guilty. The Court, as the Magistrate Judge did, construes this as a malicious prosecution claim.

First, the Court finds that Mr. Freeman's decision whether to initiate charges and proceed to trial was intimate to the judicial phase of the criminal process, and he is entitled to absolute immunity for that decision. See Nero v. Mosby, 890 F.3d 106, 118 (4th Cir. 2018) (holding that a prosecutor is entitled to absolute immunity when he evaluates evidence, decides to seek an arrest warrant, prepares and files charging documents, participates in a probable cause hearing, and presents evidence at trial).

Second, Mr. Freeman's advocacy for pre-trial detention of Plaintiff was also intimate to the judicial phase of the criminal process. See id. (noting that the absolute immunity applies to prosecutors for their "advocative functions"). Therefore, the

Court finds that Freeman is entitled to absolute immunity in this case, and all claims against him are **DISMISSED**.

## V.  CONCLUSION

For the reasons discussed above, the R&R is **ADOPTED IN PART** [ECF No. 7], to the extent consistent with this Memorandum Opinion and Order, and Plaintiff's objections are **OVERRULED** [ECF No. 10]. The motion to proceed in forma pauperis is **TERMINATED** [ECF No. 2]. This action is hereby **DISMISSED** and **STRICKEN** from the Court's active docket.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to the pro se Plaintiff via certified mail, return receipt requested.

DATED: July 25, 2022

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA